UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**EDWARD SANTANA on behalf of himself
and all others similarly situated**,

    Plaintiff,

v.

**RA SUSHI SOUTH MIAMI CORP. d/b/a
RA SUSHI BAR RESTAURANT**

    Defendant.
_____/

CASE NO.



FILED by RAL D.C.

OCT 03 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

**COMES NOW** Plaintiff, **EDWARD SANTANA ("Plaintiff")**, on behalf of himself and all others similarly situated, pro se, and sues the Defendant, **RA SUSHI SOUTH MIAMI CORP. d/b/a RA SUSHI BAR RESTAURANT ("Defendant")** and alleges as follows:

### INTRODUCTION

This is an action for gender/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.* (**"Title VII"**) and age discrimination under the Age Discrimination in Employment Act of 1967, as amended, (the **"ADEA"**) to correct unlawful employment practices on the basis of gender/sex and age and to provide relief to the Plaintiff and others similarly situated who were denied employment by the Defendant because of their sex/gender and age. As alleged with greater particularity in paragraphs 9 (a) through (d) below, statistical, documentary and anecdotal evidence will establish that the Defendant failed to hire the Plaintiff and

CASE NO.

employees within the protected class (male) and protected age group (40-70 years old) in violation of Title VII and the ADEA, respectively. As a result of this discriminatory treatment, the Plaintiff and these unidentified employees have suffered lost wages.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "**FLSA**"), as amended, 29 U.S.C. §216(c) and 217, as well as 29 U.S.C. §216(b) which incorporates the **"opt in"** class action provisions of the FLSA.

2. Jurisdiction is also invoked pursuant to Title VII, 42 U.S.C. §2000e, et seq., 28 U.S.C. §1343 (4) and 28 U.S.C. §1391.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida.

4. The Plaintiff has received his right to sue letter from the EEOC.

## PARTIES

5. At all times material hereto, Plaintiff, was a citizen and resident of this judicial district, sui juris and otherwise within the jurisdiction of this Court.

6. At all times material hereto, others similarly situated, were citizens and residents of this judicial district, sui juris and otherwise, within the jurisdiction of this Court.

7. At all times material hereto, Defendant has continuously been a corporation doing business in Miami-Dade County, Florida and within the jurisdiction of this Court and has had at least 20 employees.

8. At all relevant times, Defendants have been, and continue to be an enterprise and **"employers"** engaged in commerce and/or in the production of **"goods"** for **"commerce"** as defined in Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630 (b), (g) and (h) and within the meaning of the FLSA, 29 U.S.C § 216(b).

## **FACTS COMMON TO ALL COUNTS**

9. On August 15, 2013 the Plaintiff applied for a host or server or food runner position at the Defendants' place of business where he was denied a job offer because of his age (41 years old) and sex/gender (male) in violation of Section 4 of the ADEA, 29 U.S.C. § 623 (a) and in violation of section 703 of Title VII, 42 U.S.C §2000e-2. The Plaintiff states as follows:

> (a) Since at August 15, 2013 and/or January 2008 the Defendants have subjected Plaintiff and/or others similarly situated aggrieved applicants for front of the house positions (**"FOH"**) such as Servers, Hostesses/Greeters and/or Bartenders to an ongoing pattern or practice of discriminatory failure or refusal to hire such persons because of their gender/sex (hereafter **"the protected class"**) and/or age (hereafter "**the protected age group**").
>
> (b) Upon information and belief, as of August 15, 2013 approximately **none (0%)** of the Defendants' FOH employees were in the protected age group. The Defendant's FOH staff consists of approximately 10

3

servers, 7-10 bartenders, 10 server assistants (food runner and/or bus boy) and 3 hostesses/greeters **or more**. Upon information and belief, as of August 15, 2013 there were currently **NO** males from the protected class employed in the position of hostess/greeter at the Defendant's restaurant. These figures are well below the protected class' and age group's representation in the general population of Defendants' location, well below the protected class' and age group's representation in Bureau of Labor Statistics data for such positions within the industry, and well below the protected class' and age group's representation in the pool of applicants for positions with Defendants. These disparities are **statistically significant**.

(c) The Defendant, either directly or implicitly, have instructed their managers to hire job applicants not in the protected class and the protected age group. For example, one would only need to walk into the Defendant's restaurant to witness the lack of diversity when it comes to the protected age group and protected class (only 2 males employed for the position of server and no males employed for the position of hostess/greeter). Upon information and belief, on Defendant's own website (www.rasushi.com/south-miami) two (2) out of the three (3) employees pictured, who appear to be wearing server uniforms, are young women in or about their 20's of age. In addition, the Defendant's own website has called itself a place "Where Iron Chef meets Girls gone Wild." In addition, on another website

4

(www.voiceplaces.com), a customer of the Defendant's restaurant, posted a comment regarding the Defendant's restaurant which states "I would like to thank the hiring manager who did a wonderful job of hiring a hot **female staff**." Finally, the Plaintiff has frequented the Defendant's restaurant since on or around 2008 and has never seen a host/hostess or server that has appeared to be 40 years of age or older in those positions and a male employed in the position of host/hostess at the Defendant's restaurant.

(d) Defendants' management made the following discriminatory comments directed to the Plaintiff, including but not limited to and to the effect of (the exact comments made are in the possession of the Defendant which the Plaintiff hand delivered to the Defendant): "how old are you?, we are hiring, but we are looking for mostly female and younger servers and hostesses"; "do you think you would fit in here with our younger servers and hostesses who are in their twenties of age?"; "we are looking for college aged students to serve our patrons who are in their twenties and thirties of age"; I think you are a little too old to work here." The Defendant's manager also disclosed the ratio of some of their staff in regards to the server and hostess positions where eight out of ten servers were females and that the two males were gay, and that all of her hostesses were females.

(e) The effect of the practices complained of in paragraphs 7 (a) through (d) above has been to deprive a class of potential employees in the

5

CASE NO.

protected class and protected age group of equal employment opportunities and otherwise to affect adversely their status as applicants and employees, because of their gender/sex and age.

10. The unlawful employment practices complained of in paragraphs 7(a) through (d) above were willful and intentional or done with malice or with reckless indifference to the federally protected rights of the Plaintiff and/or others similarly situated.

## COUNT 1
## EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER/SEX
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000(e) *et seq.*

11. The Plaintiff incorporates by reference the allegations in paragraphs 1-10 above.

12. This claim is brought on behalf of the Plaintiff and others similarly situated.

13. The Defendant adopted and/or maintained and implemented employment practices that are discriminatory, excessively subjective, and/or arbitrary with respect to compensation, promotion, and other terms and conditions of employment.

14. The discriminatory policies and/or practices of the Defendant, as set forth herein, have denied the Plaintiff and others similarly situated, their right to equal employment opportunity in violation of 42 U.S.C. §2000(e) *et seq.*, in that qualified male job applicants have been denied employment that were given to equally or less qualified females.

15. The pattern of the Defendant's failure or refusal to hire on the basis of sex is not the result of random or non-discriminatory factors. Rather, it is the result of an ongoing and continuous pattern and/or practice of intentional sex discrimination with

respect to the Plaintiff's and others similarly situated compensation, terms, conditions, privileges, pay or opportunities, and reliance on policies and practices that have an adverse impact on male job applicants/employees that cannot be justified by business necessity, and for which alternative policies and practices with less discriminatory impact could be utilized that equally serve any asserted justification.

16. Defendant's discriminatory conduct caused Plaintiff and/or others similarly situated, to suffer injury, including but not limited to loss of wages and benefits that he and/or they would have been entitled to in absence of discrimination.

17. The Defendant has performed the acts alleged with malice, fraud, oppression, and/or reckless indifference to the protected rights of Plaintiffs and/or the protected class. Plaintiff and/or others similarly situated are thus entitled to recover punitive damages in amount according to proof.

### COUNT 2
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE
### AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED

18. The Plaintiff incorporates by reference the allegations in paragraphs 1-17.

19. This claim is brought on behalf of the Plaintiff and others similarly situated.

20. The Defendant adopted and/or maintained and implemented employment practices that are discriminatory, excessively subjective, and/or arbitrary with respect to compensation, promotion, and other terms and conditions of employment.

21. The discriminatory policies and/or practices of the Defendant, as set forth herein, have denied the Plaintiff and others similarly situated, their right to equal employment opportunity in violation of the ADEA, as amended, 29 U.S.C 623(a) *et seq.*, in that qualified job applicants, in the protected age group, have been denied

CASE NO.

employment that were given to equally or less qualified considerably younger employees under the age of 40.

22. The pattern of the Defendant's failure or refusal to hire on the basis of age is not the result of random or non-discriminatory factors. Rather, it is the result of an ongoing and continuous pattern and/or practice of intentional age discrimination with respect to the Plaintiff's and others similarly situated compensation, terms, conditions, privileges, pay or opportunities, and reliance on policies and practices that have an adverse impact on male job applicants/employees that cannot be justified by business necessity, and for which alternative policies and practices with less discriminatory impact could be utilized that equally serve any asserted justification.

23. Defendant's discriminatory conduct caused Plaintiff and/or others similarly situated, to suffer injury, including but not limited to loss of wages and benefits that he and/or they would have been entitled to in absence of discrimination.

24. The Defendant has performed the acts alleged with malice, fraud, oppression, and/or reckless indifference to the protected rights of Plaintiffs and/or the protected class. Plaintiff and/or others similarly situated are thus entitled to recover punitive damages in amount according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated employees, pray for relief as follows:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, **or that the Court issue notice** pursuant to 29 U.S.C. § 216(b) to all similarly situated applicants of the FLSA opt-in class, apprising

CASE NO.

them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Grant a permanent injunction enjoining Defendant, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age and gender/sex;

C. Order Defendant to institute and carry out policies, practices and programs which provide equal opportunities for individuals who are males and 40 years of age and older, and which eradicate the effects of their past and present unlawful employment practices;

D. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Plaintiff and others similarly situated, individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to individuals who are males and 40 years of age and older that were not hired because of their gender/sex and age;

E. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to instatement, reinstatement, provide front pay in lieu of reinstatement, or otherwise make whole individuals denied employment because of their gender/sex and age, including but not limited to Plaintiff.

CASE NO.

F. Order Defendant to advertise, at their expense, to identify presently unidentified protected class and age group applicants;

G. Order Defendant to provide training for supervisors and managers at all corporate levels, specific to Title VII and the ADEA;

H. Order the Defendant to pay all individuals, including but not limited to the Plaintiff, punitive damages for its malicious or reckless conduct described above, in an amount to be determined at trial.;

I. Grant Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§2201-2202;

J. Grant such further relief as the Court deems necessary and proper in the public interest;

K. Award the Plaintiff its cost of this action.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Edward Santana, on behalf of himself and others similarly situated, demands a Trial by Jury on all issues triable as of right by a jury.

Dated this 3rd day of October, 2013.

**Respectfully Submitted,**

*/s/ Edward Santana*

**EDWARD SANTANA**
**(305)975-0839**
**esantana44@yahoo.com**